## STATE v. JOHN HOOPER.

(Same syllabus as in preceding case.)

INDICTMENT for an Affray, tried at Fall Term, 1879, of JACKSON Superior Court, before *Graves, J.*

The defendant and one Monroe Hooper were indicted in the usual form for an affray, in mutually assaulting and beating each other, and there was evidence that the offence charged was committed more than six months before indictment found. The jury returned a verdict of guilty against the defendant, and his counsel thereupon moved in arrest of judgment on the ground that the bill did not state that a deadly weapon had been used, nor the offence committed more than six months before the bill was found. Motion overruled, judgment, appeal by defendant.

*Attorney General* and *G. S. Ferguson*, (who also appeared in the preceding case,) for the State.
*Mr. Kope Elias*, for the defendant.

ASHE, J. It has been decided in *State* v. *Moore, ante,* 659, that the superior courts have concurrent jurisdiction with justices of the peace of all affrays, assaults, and assaults and batteries where a justice has not within six months after the commission of the offence proceeded to take official cognizance of the same; and in framing the bill of indictment it is not necessary to charge that the offence was committed more than six months before the finding of the bill, and that no cognizance has been taken of the same by a justice of the peace ; that that was matter of defence which went to the jurisdiction of the court, and like the plea of the statute of limitations might be taken advantage of by the defendant on the trial under the plea of " not guilty." On this

authority there was no error in the ruling of the court below upon the motion in arrest of judgment.

Let this be certified to the superior court of Jackson county that further proceedings may be had agreeably to this opinion.

PER CURIAM. No error.